UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| John P. Compton, #129830, ) | C/A No. 4:10-944-RMG-TER |
| *aka John Philip Compton,* ) | |
| ) | |
| Petitioner, ) | REPORT AND RECOMMENDATION |
| ) | |
| vs. ) | |
| ) | |
| Leroy Cartledge, Warden, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

Petitioner, John P. Compton ("Petitioner/Compton"), is an inmate in the custody of the South Carolina Department of Corrections (SCDC). Petitioner, appearing *pro se*, filed his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254[1] on April 20, 2010. Respondent filed a motion for summary judgment on July 1, 2010, along with supporting memorandum. The undersigned issued an order filed July 2, 2010, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising Petitioner of the motion for summary judgment procedure and the possible consequences if he failed to respond adequately. Petitioner filed a response on August 2, 2010.

## I. PROCEDURAL HISTORY

Petitioner does not oppose the procedural history as set out by the Respondent. Therefore, the undisputed procedural history as set out in Respondent's memorandum will be discussed below.

---

[1] This habeas corpus case was automatically referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02, DSC. Because this is a dispositive motion, this report and recommendation is entered for review by the district judge.

Petitioner is currently confined at the McCormick Correctional Institution in the South Carolina Department of Corrections pursuant to orders of commitment from the Clerk of Spartanburg County. Petitioner was indicted by the Spartanburg County Grand Jury during the October 30, 2006, Term of the Court of General Sessions for Murder (2006-GS-42- 3795). (App. 133-34). Petitioner was represented by Clay Allen, Esquire, Public Defender for Spartanburg County. (App. 1-79). The State was represented by Assistant Solicitors Barry Barnette, Esquire and Cindy Crick, Esquire, of the Seventh Judicial Circuit. Id. On March 21, 2007, Petitioner pleaded guilty to the Murder charge. The Honorable John C. Few, Circuit Court Judge, sentenced Petitioner to thirty (30) years confinement pursuant to the recommended sentence offered by the State. Petitioner did not file a direct appeal.

**PCR**

Petitioner filed an Application for Post-Conviction Relief on January 24, 2008 (2008-CP-42-0394), alleging ineffective assistance of counsel, involuntary guilty plea, and due process of law. (App. 80-89). Specifically, on the ineffective assistance of counsel claim, Petitioner argued counsel failed to investigate the crime and interview witnesses, and counsel failed to explain a viable defense such as self-defense. (App. 82). On the claim of involuntary guilty plea, Petitioner asserted that his plea was not voluntary because his counsel did not explain the elements of the offense of manslaughter, self-defense, and involuntary manslaughter before the plea. (App. 87). As for the due process of law claim, it appears that Petitioner argued either that the involuntary guilty plea violated his rights to due process, or that the plea court lacked subject matter jurisdiction to take his plea. (App. 87-9). The State filed its Return on April 11, 2008. (App. 90-4).

On April 23, 2008, Petitioner filed Amendments to the Post Conviction Relief Applications. (App. 95-99). In this set of amendments, Petitioner asserted that counsel was ineffective for 31

non-specific reasons. An evidentiary hearing was held in this matter on September 15, 2008, before the Honorable Roger L. Couch, Special Circuit Court Judge. (App. 100-24). Petitioner was present and was represented by Rodney W. Richey, Esquire. Id. Assistant Attorney General Michelle J. Parsons, Esquire, represented the State. Id. In an Order filed October 20, 2008, the PCR Court denied Petitioner's Application for Post-Conviction Relief. (App. 125-32). In its order the PCR Court summarized the testimony at the evidentiary hearing. It noted that at the PCR evidentiary hearing, Petitioner testified that his counsel was ineffective for failing to investigate, failing to inform him of the elements of the crime, and failing to inform him of the State's burden of proof. (App. 127).

At the PCR hearing, Petitioner acknowledged he shot the victim three times, but asserted the defense of self-defense. (App. 127). Petitioner admitted to agreeing to the State's rendition of the facts during his guilty plea. Id. Petitioner also acknowledged his statement at the guilty plea where he told the court he intentionally shot the victim in the head to put her out of her misery. Id.

The PCR Court reviewed the testimony presented at the evidentiary hearing, observed the witnesses presented at the hearing, passed upon their credibility, and weighed the testimony accordingly. (App. 129). Further, the PCR Court reviewed the Clerk of Court records regarding the subject conviction, Petitioner's records from the South Carolina Department of Corrections, the application for post-conviction relief, the transcripts and documents from the prior proceedings, and legal arguments of counsel. (Tr. 129-130). The PCR Court found that Petitioner failed to carry his burden to show that trial counsel's representation fell below the standard of professional reasonableness for a criminal defense attorney in this regard. Strickland v. Washington; Cherry v. State. (App. 130-31). The PCR Court found that Petitioner could not satisfy either requirement of the Strickland test. (App. 131).

Based on all the foregoing, the PCR Court denied Petitioner's application for post conviction

relief and dismissed it with prejudice. (App. 131). Further, the court found that "all other allegations or claims that were raised or could have been raised in this application were thereby dismissed with prejudice." Id.

Petitioner timely filed a Notice of Appeal to the PCR Court's Order on October 24, 2008. On appeal, Petitioner was represented by M. Celia Robinson, Esquire, Appellate Defender with the South Carolina Commission on Indigent Defense, Division of Appellate Defense. Petitioner's appeal was perfected with the filing of a Johnson Petition for Writ of Certiorari. In the Johnson Petition for Writ of Certiorari, the only claim asserted was that the PCR court erred in failing to find counsel ineffective for not insuring that Petitioner's guilty plea was entered freely, voluntarily and knowingly despite the prescribed medications he was taking and despite Petitioner's continuing claim that he was not guilty of murder because he shot only in self-defense. Petitioner also filed a pro se response to the Johnson Petition for Writ of Certiorari. In his pro se filing, Petitioner first asserted the same issue raised by counsel in the Johnson Petition as set out above. Second, he asserted the PCR Court also erred in failing to find counsel ineffective for not making the court aware of the Petitioner's physical condition at the time of the crime.

In an Order filed February 17, 2010, the South Carolina Supreme Court denied Petitioner's Johnson Petition for Writ of Certiorari. In the Order, the Supreme Court noted this matter was before the Court on a petition for a Writ of Certiorari following the denial of Petitioner's application for post-conviction relief, Petitioner's counsel asserted that the petition was without merit and requested permission to withdraw from further representation, and Petitioner filed a pro se petition. After consideration of the record as required by Johnson v. State, 294 S.C. 3 10, 364 S.E.2d 201 (1988), the South Carolina Supreme Court denied the petition and granted counsel's request to withdraw. The Remittitur was issued on March 5, 2010.

## II. PETITIONER'S GROUNDS FOR RELIEF

In his *pro se* Petition for Writ of Habeas Corpus, Petitioner raised the following arguments:

Ground One: Ineffective Assistance of Counsel

Supporting Facts: Appointed trial counsel testified that he undertook representation of petitioner shortly after his arrest for murder. Counsel recalled that petitioner admitted the shooting to him but that he claimed that he shot in self-defense. However, due to insufficient investigation trial counsel was not prepared to present any witnesses or evidence to support the defense of self-defense at the time of petitioner's guilty plea.

Ground Two: Ineffective Assistance of Counsel

Supporting Facts: When you look at the condition of the petitioner at the time of the crime physically it would have been impossible for him to do everything that he was charged with doing. Counsel did know about the petitioner's broken bones at the time of the crime. Counsel also knew about the narcotics the Doctor had given him for pain. The two broken feet of the petitioner should have made counsel take a closer look at the case.

(Petition).

## III. SUMMARY JUDGMENT

On July 1, 2010, the Respondent filed a return and memorandum of law in support of their motion for summary judgment. As stated, Petitioner filed a response in opposition on August 2, 2010.

The federal court is charged with liberally construing the complaints filed by pro se litigants,

to allow them to fully develop potentially meritorious cases. See Cruz v. Beto, 405 U.S. 319 (1972), and Haines v. Kerner, 404 U.S. 519 (1972). The court's function, however, is not to decide issues of fact, but to decide whether there is an issue of fact to be tried. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, Weller v. Department of Social Services, 901 F.2d 387 (4th Cir. 1990), nor can the court assume the existence of a genuine issue of material fact where none exists. If none can be shown, the motion should be granted. Fed. R. Civ. P. 56(c).

The movant has the burden of proving that a judgment on the pleadings is appropriate. Once the moving party makes this showing, however, the opposing party must respond to the motion with "specific facts showing that there is a genuine issue for trial." The opposing party may not rest on the mere assertions contained in the pleadings. Fed. R. Civ. P. 56(e) and Celotex v. Catrett, 477 U.S. 317 (1986).

The Federal Rules of Civil Procedure encourage the entry of summary judgment where both parties have had ample opportunity to explore the merits of their cases and examination of the case makes it clear that one party has failed to establish the existence of an essential element in the case, on which that party will bear the burden of proof at trial. See Fed. R. Civ. P. 56(c). Where the movant can show a complete failure of proof concerning an essential element of the non-moving party's case, all other facts become immaterial because there can be "no genuine issue of material fact." In the Celotex case, the defendants are "entitled to judgment as a matter of law" under Rule 56(c) because the Petitioner has failed to make a sufficient showing on essential elements of his case with respect to which he has the burden of proof. Celotex, 477 U.S. at 322-323.

### IV. STANDARD OF REVIEW

Since Compton filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C. § 2254(d), as amended. Lindh v. Murphy, 117 S. Ct. 2059 (1997); Breard v. Pruett, 134 F.3d 615 (4th Cir. 1998); Green v. French, 143 F.3d 865 (4th Cir. 1998). That statute now reads:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

In a thorough discussion of the application of this statute in Green, the Fourth Circuit stated:

> If a state court decision is in square conflict with a precedent (supreme court) which is controlling as to law and fact, then the writ of habeas corpus should issue; if no such controlling decision exists, the writ should issue only if the state court's resolution of a question of pure law rests upon an objectively unreasonable derivation of legal principles from the relevant supreme court precedents, or if its decision rests upon an objectively unreasonable application of established principles to new facts. In other words, habeas relief is authorized only when the state courts have decided the question by interpreting or applying the relevant precedent in a manner that reasonable jurists would all agree is unreasonable.

See also Fitzgerald v. Greene, 150 F.3d 357, 362 (4th Cir. 1998); Wright v. Angelone, 151 F.3d 151, 156 (4th Cir. 1998); Cardwell v. Greene, 152 F.3d 331, 339 (4th Cir. 1998). In Williams v. Taylor, 163 F.3d 860 (4th Cir. 1998), the court specifically rejected an argument that the standard of review enunciated in Green, 143 F.3d 865, was erroneous. Thus, to a large extent, the amendment of § 2254 shifts the focus of habeas review to the state court application of Supreme Court law. See O'Brien v. DuBois, 145 F.3d 16 (lst Cir. 1998) ("the AEDPA amendments to section 2254 exalt the role that a state court's decision plays in a habeas proceeding by specifically directing the habeas court to make

7

the state court decision the cynosure of federal review"). Further, the facts determined by the state court to which this standard is applied are presumed to be correct unless rebutted by the Petitioner by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). Wilson v. Moore, 999 F. Supp. 783 (D.S.C. 1998).

## V. ARGUMENTS/FINDINGS

Respondent submits that exhaustion has been satisfied by the issues being raised in the pro se response to the Johnson petition but that the entire petition is without merit, and Ground Two is technically exhausted but subject to procedural bar.

### GROUND ONE

In Ground One, Petitioner argues that due to lack of preparation and insufficient investigation trial counsel was ineffective for not presenting any witnesses or evidence to support his defense of self-defense at the time of Petitioner's guilty plea.

When presented with an application for habeas relief, the first inquiry by the court is to determine whether the claim raised in the petition was "adjudicated on the merits" by the state court. 28 U.S.C.A. §2254(d). If the claim was properly presented to the state court and the state court adjudicated it, the deferential standard of review set forth in §2254(d) applies and federal habeas corpus relief may not be granted unless the relevant state-court adjudication "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." Id. § 2254(d)(1),(2); see Williams v. Taylor, 529 U.S. at 398.

The Sixth Amendment to the United States Constitution guarantees a defendant the right to effective assistance of counsel in a criminal prosecution. McMann v. Richardson, 397 U.S. 759, 771 n.14 (1970). In the case of Strickland, supra, the United States Supreme Court set forth two factors that must be considered in evaluating claims for ineffective assistance of counsel. A Petitioner must first show that his counsel committed error. If an error can be shown, the court must consider whether the commission of an error resulted in prejudice to the defendant.

To meet the first requirement, "[t]he defendant must show that counsel's representation fell below an objective standard of reasonableness." Strickland, at 688. "The proper measure of attorney performance remains simply reasonableness under prevailing professional norms." Turner v. Bass, 753 F.2d 342, 348 (4th Cir. 1985) (quoting Strickland, reversed on other grounds, 476 U.S. 28 (1986)). In meeting the second prong of the inquiry, a complaining defendant must show that he was prejudiced before being entitled to reversal. Strickland requires that:

> [T]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.

Strickland, at 694.

The court further held at page 695 that:

> [A] court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct . . . the court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance. (Emphasis added.)

In Lockhart v. Fretwell, 506 U.S. 364 (1993), the Supreme Court clarified its definition of prejudice quoted above, stating that "an analysis focusing solely on mere outcome determination . . . is defective." Instead, an appropriate analysis of prejudice should consider "whether the result of the

9

proceeding was fundamentally unfair or unreliable." Therefore, a court analyzing the prejudice prong should not "set aside a conviction or sentence solely because the outcome would have been different but for counsel's error." See Williams v. Taylor, Nos. 98-14, 98-16, 1998 WL 883336 (4th Cir. Va. Dec. 18, 1998) (quoting Lockhart, at 369-70).

A review of the PCR transcript reveals the PCR judge concluded the following with regard to this ineffective assistance of counsel issue:

> The Applicant admitted shooting the victim, but told counsel he was not guilty on the basis of self-defense. Counsel did not uncover any facts to prove the Applicant's self-defense theory. Counsel went to the scene and took pictures. Applicant wanted him to look for a knife supposedly used by the victim in an attack provoking the murder. Allen found the knife covered up behind some other items. He took pictures of the knife. Counsel uncovered some evidence supporting the Applicant's story that the victim had broken into the house, such as a broken window and a back door that had to be locked a certain way.
>
> Counsel's problem with the self-defense argument was that the Applicant alleged the victim attacked him, but she was shot from behind. Further, instead of calling the police, the Applicant put her body in the trunk of a car and got others to take the car to Greenwood. These people then put the victim's body in the dump. Counsel felt these facts made a self-defense argument difficult.
>
> Counsel informed the Applicant of his right to the jury trial, but told him it would likely result in a guilty verdict. Counsel attempted to get a plea on voluntary manslaughter, but the Solicitor was not willing to negotiate. Counsel testified it was the Applicant's decision to plead and he understood he could receive a life sentence.

(Tr. 127-128).

The PCR court further concluded as follows:

> This Court finds trial counsel's testimony to be credible and the Applicant's to be not credible. Trial counsel was not ineffective for failing to proceed to trial on a self-defense argument. The Applicant has failed to present any evidence that this argument would have been successful. Additionally, trial counsel was not ineffective for failing to investigate. Counsel testified he went to the scene, took photographs, and conducted a thorough investigation. Counsel was also not ineffective for failing to inform the Applicant of the elements of the crime and the State's burden of proof. Counsel testified he informed the Applicant on these issues during his representation. This Court finds Counsel's testimony credible. As a result, this Court denies and dismisses all of these

> allegations.
>
> Furthermore, this Court finds that the Applicant has failed to prove prejudice from any alleged ineffective assistance of counsel he received. The Applicant failed to show, with reasonable probability, that but for counsel's alleged ineffectiveness, he would not have pled guilty.
>
> As to any and all allegations that were or could have been raised in the application or at the hearing in this matter, but were not specifically addressed in this order, this Court finds that the Applicant failed to represent any probative evidence regarding such allegations. Accordingly, this Court finds that the Applicant waived such allegations and failed to meet his burden of proof regarding them. Accordingly, they are denied and dismissed with prejudice.
>
> Therefore, this Court finds that the Applicant failed to carry his burden to show that trial counsel's representation fell below the standard of professional reasonableness for a criminal defense attorney in this regard. <u>Strickland v. Washington</u>; <u>Cherry v. State</u>. The Court finds that the Applicant cannot satisfy either requirement of the <u>Strickland</u> test.

(Tr. 129-130).

The state PCR court's findings are not contrary to clearly established federal law or an unreasonable determination of the facts in light of the evidence in the state court proceedings. Counsel testified that his representation began shortly after the arrest, he reviewed the elements of the crime with Petitioner, explained the concept of malice and the State's burden to prove such, he went to the scene and took pictures of the scene and a knife he found. Moreover, Petitioner placed the body in the trunk of his car and had other people take the car to Greenwood to dispose of the victim's body. Further, Petitioner stated that the first shot was an accident when he shot her in the chest, but there was testimony and evidence that the victim was not shot in the chest. (Tr. 62). Additionally, the plea judge questioned trial counsel, and Petitioner if counsel had explained to him the elements of self-defense since Petitioner stated that the victim threw a knife at him. Trial counsel stated that he had discussed the elements with petitioner of self-defense. Further, the trial judge also went over the elements of self-defense with Petitioner who stated he understood and that he still wanted to plead guilty. (Tr. 70-71).

At the PCR hearing, trial counsel testified as follows:

> The problem was after - -well, okay. There were several problems as I recall. The, uh, the way he described that the shooting occurred she was more or less approaching him or coming directly toward him but yet she was, uh, not shot directly in front, as I recall, more or less on the side or something to that effect. She was also, I believe , I haven't reviewed this file completely, but I believe she was also had gunshot wound to the head but I'm not sure about that at this point.
>
> Secondly, uh, his actions afterward, um, I explained to him several times, you know, was really bad. Had it been a situation where he was forced to shoot then he shoulda called the ambulance, he shoulda called 9-1-1, he shoulda called the police but instead, uh, apparently he ended up putting, uh, her body in the trunk of a car and then some other associates of his came over later and from what they say they didn't realize that the body was in the trunk of the car but they took the car to I believe it was Greenwood County where they uh, were trying to find something in the car to sell to to get money to buy crack and they opened up the trunk and they found her and then they took her to a landfull, I believe, in Greenwood County.

(Tr. 108-109).

The PCR judge found counsel to be credible and Petitioner's testimony not to be credible. (Tr. 130). The undersigned concludes that the PCR Court's determinations were not contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the record. Petitioner stated that he was guilty of the crime, admitted to shooting the victim three times, two of which were in the back of the head, and presented no witnesses or evidence to support the allegations in Ground One of his habeas petition. Therefore, Ground One is without merit.

**GROUND TWO**

As previously set forth, Petitioner raises the following as Ground Two of the habeas petition:

Ground Two:    Ineffective Assistance of Counsel

| Supporting Facts: | When you look at the condition of the petitioner at the time of the crime physically it would have been impossible for him to do everything that he was charged with doing. Counsel did know about the petitioner's broken bones at the time of the crime. Counsel also knew about the narcotics the Doctor had given him for pain. The two broken feet of the petitioner should have made counsel take a closer look at the case. |
|---|---|

(Petition).

Respondent argues that Ground Two in the habeas petition is procedurally barred. Specifically, Respondent asserts Ground Two is procedurally barred in that it was not raised in Petitioner's PCR application. Respondent asserts that since these claims were not ruled upon by the PCR court, they are unavailable for further collateral review.

After a review of the record, this court finds Ground Two barred from federal review pursuant to Coleman v. Thompson, 501 U.S. 722, (1991), because they were was not raised and ruled upon at PCR.

As to the procedural default, the Petitioner has not shown sufficient cause and prejudice to excuse the default. In all cases in which a State prisoner has defaulted his Federal claims in State court pursuant to an independent and adequate State procedural rule, Federal Habeas review of the claim is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of Federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice. Petitioner has failed to meet this burden. Thus, it is procedurally barred from consideration by this Court and should be dismissed. Id.; *see* 28 U.S.C. 2254; Rodriguez v. Young, 906 F.2d 1153, 1159 (7th Cir.1990), *cert. denied,* 498 U.S. 1035 (1991) ["Neither cause without prejudice nor prejudice without cause gets a defaulted claim into Federal Court."]; Mazzell v.

Evatt, 88 F.3d 263, 269 (4th Cir.), *cert. denied*, 519 U.S. 1016 (1996) [In order to show prejudice a Petitioner must show that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different.]; Wainwright v. Sykes, supra; Murray v. Carrier, 477 U.S. 478 (1986); Rodriguez, 906 F.2d at 1159 [a fundamental miscarriage of justice occurs only in extraordinary cases, "where a constitutional violation has probably resulted in the conviction of one who is actually innocent"](citing *Murray v. Carrier,* 477 U.S. at 496); Sawyer v. Whitley, 505 U.S. 333, 348 (1992); Bolender v. Singletary, 898 F.Supp. 876, 881 (S.D.Fla.1995). Therefore, it is recommended that the Respondent's motion for summary judgment be granted with regard to Ground Two.[2]

## VI. CONCLUSION

Based on the foregoing, it is recommended that Respondent's motion for summary judgment (doc. #11) be GRANTED and Petitioner's petition for Writ of Habeas Corpus be denied, and this Petition dismissed.

Respectfully submitted,

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

October 25, 2010
Florence, South Carolina

**The parties' attention is directed to the important notice on the next page.**

---

[2]Any allegation of ineffective assistance of counsel raised in Ground Two with regard to a failure to investigate should be denied for the reasons set forth under Ground One above. Further, Petitioner did not present any evidence to substantiate his allegations.