IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| John P. Compton a/k/a John Philip Compton, | Civil Action No. 4:10-cv-944-RMG |
| Petitioner, | |
| vs. | ORDER |
| Leroy Cartledge, Warden, | |
| Respondent. | |

Petitioner, appearing *pro se*, filed his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 raising ineffective assistance of counsel. Accordingly, this matter was automatically referred to the Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (DSC). The Magistrate Judge recommended granting Respondent's motion for summary judgment. (Dkt. No. 18). Petitioner objected to this recommendation. (Dkt. No. 21). As outlined herein, having conducted a *de novo* review of the Record in this matter and Petitioner's objections, this Court adopts the recommendation of the Magistrate Judge and incorporates it herein by reference and grants Respondent's summary judgment motion.

## Analysis

Having reviewed the entire Record, this Court concludes that, with respect to Petitioner's first ground, the PCR Court's determinations were not contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the record. Here, Petitioner stated that he was guilty of the crime, admitted to shooting the victim three times, two of which

1

were in the back of the head, and presented no witnesses or evidence to support the allegations in Ground One of his habeas petition. Thus, summary judgment is appropriate.

Further, in its motion for summary judgment, Respondent argues that Ground Two in the habeas petition is procedurally barred. Specifically, Respondent asserts Ground Two is procedurally barred in that it was not raised in Petitioner's PCR application. Respondent asserts that since these claims were not ruled upon by the PCR court, they are unavailable for further collateral review. After a review of the record, this Court finds Ground Two barred from federal review pursuant to *Coleman v. Thompson*, 501 U.S. 722, (1991), because they were was not raised and ruled upon at PCR. As to the procedural default, the Petitioner has not shown sufficient cause and prejudice to excuse the default. Hence, summary judgment on this ground is warranted as well.

## Conclusion

Accordingly, based on the above, Respondent's motion for summary judgment is **granted**. (Dkt. No. 11).

## Certificate of Appealability

The governing law provides that:

> (c) (2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c) (3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies the standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See*

*Miller-El v. Cockrell*, 537 U.S. 322, 336, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been meet. Therefore, a certificate of appealability is **denied**.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

November 29, 2010
Charleston, South Carolina